UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

RICHARD SALKIN,

    Plaintiff,

v.

JOHN LABROSSE, *et al.*,

    Defendants.

Civ. No. 2:18-13910 (WJM) (MF)

OPINION

## WILLIAM J. MARTINI, U.S.D.J.:

Plaintiff Richard Salkin, the former attorney for the Board of Education of Hackensack, New Jersey, brings this civil rights and defamation action against Hackensack Mayor John Labrosse; Hackensack School Board ("HSB") Members Frances Cogelja, Lance Powell, and Carlos Velez (together, "Candidate Defendants"); their campaign manager Wendy Martinez; Vision Media Marketing ("Vision"); and Vision's principal Philip Swibiniski (collectively, "Defendants"). Plaintiff alleges that during a campaign for three positions on the HSB, Defendants defamed Plaintiff and made statements about his job performance and political affiliations that resulted in his constructive discharge. The matter comes before the Court on Defendants' motions to dismiss the civil rights claims (Counts One and Two). ECF Nos. 62 ("Candidate Defendants' Motion"), 63 ("Labrosse Motion"), 64 ("Swibinski Motion"), & 66 ("Martinez Motion"). For the reasons set forth below, the motions are **GRANTED**.

### I.     BACKGROUND

The basic facts and procedural history of this matter are set forth in the Court's June 13, 2019 Opinion ("June Opinion"), familiarity with which is assumed. ECF No. 43. In short, Plaintiff alleges that due to the Candidate Defendants' false and defamatory statements made during their 2018 campaign for seats on the HSB, Plaintiff was constructively discharged. In the June Opinion, the Court dismissed Plaintiff's civil rights claims because the conduct at issue occurred while the Candidate Defendants were private citizens acting alone, and thus Plaintiff failed to plead conduct "under color of state law." *Id.* at 6.

The Court permitted Plaintiff to amend his Complaint. Plaintiff did so on June 27, 2019. ECF No. 48. Due to a filing error, Plaintiff filed a Third Amended Complaint ("TAC"), ECF No. 53. The TAC asserts three claims: (1) First Amendment retaliation and Section 1983

1

conspiracy against all Defendants except Vision;[1] (2) violations of New Jersey's Civil Rights Act ("CRA") against the same Defendants; and (3) defamation by all Defendants.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure ("FRCP") 12(b)(6) provides for the dismissal of a complaint if a plaintiff fails to state a claim upon which relief can be granted. The movant bears the burden of showing the complaint must be dismissed. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). "[A]ll allegations in the complaint must be accepted as true, and the plaintiff must be given the benefit of every favorable inference to be drawn therefrom." *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). The court does not accept "legal conclusions" as true, and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To survive a 12(b)(6) motion, "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

## III. DISCUSSION

While Defendants filed four separate motions to dismiss, they all generally argue that Plaintiff failed to state a claim on which relief can be granted because, *inter alia*, (1) Plaintiff failed to plausibly allege action under color of state law and (2) regardless, Defendants are entitled to qualified immunity. The Court agrees with Defendants.

### A. <u>Section 1983 Claim (Count One)</u>

To allege a *prima facie* case under Section 1983, a plaintiff must demonstrate that a person, acting under color of state law, deprived her of a federal right. *Marran v. Marran*, 376 F.3d 143, 155–56 (3d Cir. 2004) (citing *Berg v. County of Allegheny*, 219 F.3d 261, 268 (3d Cir. 2000)). Courts analyze Section 1983 claims in two parts, which may be addressed in either order: whether plaintiff has alleged a violation of a right secured by the Constitution and the laws of the United States and whether the alleged deprivation was committed by a person acting under color of state law. *Sprauve v. W. Indian Co. Ltd.*, 799 F.3d 226, 229 (3d Cir. 2016) (cleaned up).

#### 1. *Under Color of State Law*

The requirement under the second prong that the person act "under color of state law" confines Section 1983 liability to "those who deprive persons of federal constitutional or statutory rights 'under color of any statute, ordinance, regulation, custom, or usage' of a state." *Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009) (quoting *Leshko v. Servis*, 423 F.3d 337, 339 (3d Cir. 2005)). "[M]ere[] private conduct, no matter how discriminatory or wrongful" does not fall within the scope of Section 1983. *Sullivan*, 526 U.S. at 49 (1999) (quoting *Blum v. Yaretsky*, 457 U.S. 991 (1982)). But a non-government official or entity can act under color of law if "the

---

[1] The June Opinion also addressed and dismissed claims against the City of Hackensack and its school district. However, Plaintiff did not reallege liability against those defendants in the TAC.

2

private party has acted with the help of or in concert with state officials." *Borrell v. Bloomsburg Univ.*, 870 F.3d 154, 160 (3d Cir. 2017) (citation omitted).

Plaintiff provides two theories for ascribing Defendants' conduct to the state: (1) "Powell, Velez, Cogelja, Martinez and Swibinski acted in concert with Mayor Labrosse, who acted under color of law" and (2) "upon becoming board members, Defendants Powell, Velez, and Cogelja refused to issue a resolution re-appointing Plaintiff, thus indicating that Plaintiff would be terminated and giving him no choice but to resign." Opp. at 14. Accordingly, the Court will determine whether Mayor Labrosse acted under color of law. If so, the Court will decide whether the other Defendants sufficiently "acted in concert" with Labrosse's official action. Then, the Court will turn to re-appointment.

### 2. *Mayor Labrosse's "Official" Conduct*

With respect to Labrosse's conduct, once conclusory recitals of elements are extracted, Plaintiff alleges that: (1) The Candidate Defendants were "affiliated with a 'Labrosse Team'" and "were publicly supported by Hackensack mayor John Labrosse." All five members of the Hackensack City Counsel were also on the "Labrosse Team." TAC ¶¶ 35-36. (2) On February 26, 2018, Martinez filed an Open Records Act request related to Plaintiff's bills "on behalf of the other individual defendants, in order to retaliate against Plaintiff for his actual and/or perceived conduct and association with the school board candidates up for election against [the Candidate] Defendants." TAC ¶ 39. (3) On April 5, 2018, "Labrosse and the Labrosse Team issued a press release" ("Press Release") claiming that (a) Plaintiff raised his own compensation by 50%, (b) overbilled taxpayers thousands of dollars, and (c) broke the law by working without a contract. The Press Release also demanded Plaintiff reimburse Hackensack a portion of his fees. "[T]his statement was drafted and/or co-written by Defendant Swibinski and/or Martinez on behalf of [the Candidate Defendants]." It was republished on InsiderNJ.com on April 7. TAC ¶¶ 43 & 49. And (4) "Mayor Labrosse issued a campaign ad in the form of a letter, which was issued by 'Mayor John Labrosse and the Labrosse Team,'" discussed in more detail below. ("Campaign Letter"). TAC ¶ 52.

While Plaintiff attributes this conduct to the Mayor, that is not enough to constitute action under color of law. "[U]under 'color' of law means under 'pretense' of law. Thus acts of officers in the ambit of their personal pursuits are plainly excluded." *Screws v. United States*, 325 U.S. 91, 111 (1945). Liability "attaches only to those wrongdoers who carry a badge of authority of a State and represent it in some capacity, whether they act in accordance with their authority or misuse it." *NCAA v. Tarkanian*, 488 U.S. 179, 191 (1988) (cleaned up). "The traditional definition of acting under color of state law requires that the defendant . . . exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *West v. Atkins*, 487 U.S. 42, 49 (1988) (citation omitted).

#### a. Affiliation, Public Support, and OPRA Request

The first two sets of allegations do not constitute action "under color of law." Nothing in the vague allegation of Labrosse's "affiliation" and his team's public support of the Candidate Defendants constitutes official conduct, despite their government positions. So to with the Open Records Act request. Even crediting the vague allegation that Martinez filed the request "on behalf of" the other individual Defendants, including Labrosse, that conduct was purely private.

3

If the Defendants used the power of the mayor's office to find information, that may be official conduct. But here, Martinez exercised the power available to all citizens to request government records. *See* N.J.S. § 47:1A-1 *et seq.* Exercising that power was not official conduct. *See Boyce v. Eggers*, 513 F. Supp. 2d 139, 144 (D.N.J. 2007) (finding no merit to argument that public employee filing police report was action under color of law).

### b. Press Release and Campaign Letter

As to the Press Release and Campaign Letter, the issue is whether political messages issued by Labrosse and his team constitute official conduct. Plaintiff points out that Labrosse was not up for election at the time of its release. Thus, he "was not 'wearing the hat' of a candidate when he made his public statements." Opp. at 15. Further, the Press Release "was drafted and/or co-written by Defendant Swibinski and/or Martinez." TAC ¶ 44. "Martinez was one Labrosse' campaign operatives, and Swibinski was the City of Hackensack's spokesperson in the Labrosse administration and vice president of the city's public relations firm." TAC ¶ 37. The Campaign Letter is labeled as "An Important Message from Mayor John Labrosse and the Labrosse Team." *See* Visconi Cert. Ex. A, ECF No. 64-2 (incorporated by reference in the Complaint). Another page includes "An Important Message About Our Schools from Mayor Labrosse and His Team," and the statement is signed by "Mayor John Labrosse and The Labrosse Team." *Id.* However, the Campaign Letter makes clear it was "[p]aid for by Election Fund of [the Candidate Defendants]" and "was NOT printed or mailed at taxpayer expense." *Id.*

These facts (and reasonable inferences drawn therefrom) are insufficient to constitute official conduct. The fact that Labrosse and Swibinski held official positions is insufficient. *See Screws*, 325 U.S. at 111. In endorsing candidates and publishing information regarding Salkin's performance, Labrosse and Swibinski were not acting as government officials, but as politically active citizens. Indeed, the Campaign Letter explicitly states it was *not* paid for by taxpayers, but the election fund for the Candidate Defendants. And nothing indicates the Press Release came from the mayor's official office either. Further, the fact that Labrosse was not up for reelection and mentioned his title does not mandate a contrary conclusion. It is entirely typical for politicians to endorse candidates or publicly advocate against officials, even when the politician herself is not up for election. Such conduct is not "official." The inclusion of Labrosse's title, while somewhat relevant, is insufficient to convert private politicking into official conduct. The opposite conclusion would impermissibly stretch the definition of "under color of law." The power Labrosse exercised was the same power available to all citizens— firmly and publicly proclaiming a political preference. *Cf. West*, 487 U.S. at 49 ("acting under color of state law requires that the defendant . . . exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law"). Other than conclusory recitals of elements, *see* TAC ¶ 54, Plaintiff does not allege any *facts* from which the court could reasonably conclude that issuing the Press Release or Campaign Letter constituted official action (e.g., Swibinski or Martinez billed the government to draft them, government printers were used, or resources from the mayor's office were otherwise utilized).

Because none of the pre-election conduct was done "under color of law," it cannot form the basis of a § 1983 action. Therefore, the Court turns to Plaintiff's second theory.

### 3. *Refusal to Issue a Resolution Re-Appointing Plaintiff*

Plaintiff's argues that "upon becoming board members, [the Candidate Defendants] refused to issue a resolution re-appointing Plaintiff, thus indicating that Plaintiff would be terminated and giving him no choice but to resign." Opp. at 14; TAC ¶ 60.[2] Plaintiff asserts his First Amendment rights were violated because the Candidate Defendants took this action because of his protected speech and political affiliations (perceived and actual). TAC ¶¶ 69-73. The Court need not decide whether the refusal to reappoint a school board attorney constitutes a federal rights violation because, assuming it does, the Candidate Defendants are protected by qualified immunity. *See Pearson v. Callahan*, 555 U.S. 223, 231 (2009).

Qualified immunity protects government officials from damages for conduct that does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Sauers v. Borough of Nesquehoning*, 905 F.3d 711, 716 (3d Cir. 2018) (citation omitted). "Clearly established law should not be defined at a high level of generality." *White v. Pauly*, 137 S. Ct. 548, 552 (2017). Instead, it "must be particularized to the facts of the case." *Id.*

Here, Plaintiff alleges violations of his broad rights to free speech and association. But Plaintiff fails to point to clearly established law that prohibits the conduct at issue here—school board members declining to add a resolution to an agenda reappointing the board attorney. *See Sauers*, 905 F.3d at 719 ("It is only when both the theory of liability and its application to the established facts are sufficiently plain that the legal question of liability is beyond legitimate debate and a plaintiff can defeat a qualified immunity defense."). Even if the Court were to generalize the right more broadly and assume the Candidate Defendants' conduct was akin to affirmatively firing Plaintiff, qualified immunity would still attach. In three instances, the Third Circuit has held that firing a municipal attorney for political reasons was permissible. *See Ness v. Marshall*, 660 F.2d 517, 518 (3d Cir. 1981); *Mummau v. Ranck*, 687 F.2d 9 (3d Cir. 1982); *Wetzel v. Tucker*, 139 F.3d 380 (3d Cir. 1998). In the most recent case, the court found significant the broad discretionary powers of the defendant hospital authority board—not just the plaintiff-attorney's own powers. *Wetzel*, 139 F.3d at 385. With respect to board decisions like pursuing an affirmative action policy or funding a new facility, "[t]he advice of counsel as to the legality of these actions, and whether or not it was worthwhile to defend them in litigation should that become necessary, would inform these policy decisions in a very direct way." *Id.* at 385-86. Thus, the defendants permissibly relieved the attorney plaintiff due to political differences. *Id.* at 385-86. Accordingly, relevant precedent actually supports the permissibility of the Candidate Defendants' conduct. More importantly, it precludes a finding that reasonable board members would have known their conduct violated Plaintiff's rights. *See Sauers*, 905 F.3d at 716. Accordingly, the Candidate Defendants are entitled to qualified immunity and Count One is **DISMISSED**.

---

[2] School board business by the elected Candidate Defendants certainly constitutes official action, but Plaintiff does not allege any involvement in that action by Labrosse, Swibinski, or Martinez. Therefore, the Section 1983 claims (Count One) against them are **DISMISSED** for lack of official action.

### B. New Jersey Civil Rights Action (Count Two)

Plaintiff's CRA claim (Count Two) is based on the same facts as his Section 1983 claim. TAC ¶ 80. Claims under the two statutes are interpreted analogously. *Pettit v. New Jersey*, 09-cv-3735, 2011 WL 1325614, at *3 (D.N.J. Mar. 30, 2011) (listing cases). Accordingly, for the reasons set forth above, Plaintiff's CRA claims are **DISMISSED**.

### C. Prejudice

Defendants seek dismissal of Counts One and Two with prejudice. Plaintiff did not explicitly seek leave to amend. *See* Opp. Regardless, unless the Court "finds that amendment would be inequitable or futile, the court must inform [P]laintiff that he or she has leave to amend the complaint within a set period of time." *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008). Generally, amendment is permitted absent "undue delay, bad faith or dilatory motive . . . , repeated failure to cure deficiencies by amendments previously allowed . . . , [or] futility of amendment." *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 174 (3d Cir. 2010) (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)).

Here, Plaintiff failed to cure deficiencies by amendments previously. *See* June Opp. (granting leave to amend and pointing to failure to allege state action). In any event, amendment would be futile because (a) the pre-election conduct does not constitute action under color of state law and (b) the post-election conduct did not violate a clearly established right defined at the appropriate level of generality. Accordingly, leave to amend is **DENIED**.

## IV. CONCLUSION

For the reasons set forth above, Defendants' motions, ECF Nos. 62-64, 66, are **GRANTED** and Counts One and Two are **DISMISSED WITH PREJUDICE**. An appropriate order follows.

Date: December 13, 2019

WILLIAM J. MARTINI, U.S.D.J.