UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

RICHARD SALKIN,

    Plaintiff,

v.

JOHN LABROSSE, *et al.*,

    Defendants.

Civ. No. 18-13910

OPINION

**WILLIAM J. MARTINI, U.S.D.J.:**

    This matter arises out of Plaintiff Richard Salkin's ("Plaintiff") alleged constructive discharge from his position with the Hackensack School Board. The matter comes before the Court on Defendant City of Hackensack's ("Hackensack" or "Defendant") motion for sanctions under FRCP 11(c)(2). ECF No. 88. Plaintiff opposes the motion and cross moves for expenses. ECF No. 89. For the reasons set forth below, both requests are **DENIED**.

### I.    BACKGROUND

    The facts and procedural history of this case were set forth in Magistrate Judge Kiel's Report & Recommendation ("R&R") and the Court's prior opinions, familiarity with which is assumed. ECF Nos. 43, 75, 86. As most relevant here, Plaintiff named Hackensack as a defendant in his initial and amended complaints, filed on September 14, 2018, and January 22, 2019, respectively. ECF Nos. 1, 28. On January 23, 2019, Defendant's counsel sent Plaintiff's counsel a letter styled as a "Notice of Frivolous Pleading Pursuant to F.R.C.P. Rule [sic] 11," arguing the claims against Hackensack should be withdrawn. *See* Jan. 23, 2020 Ltr., ECF No. 88-2 ("Letter"). Plaintiff did not withdraw the pleading, and Defendant moved to dismiss. ECF No. 34. On June 16, the Court granted Defendant's motion to dismiss, but did so with leave to amend. ECF Nos. 43-44.

    Plaintiff filed additional amended complaints, but did not name Hackensack as a Defendant in them. *See* ECF Nos. 48, 53. On December 13, 2019, the Court dismissed the federal claims against the remaining defendants. In the well-reasoned R&R, Magistrate Judge Kiel recommended dismissing the case without prejudice, as no federal claims remained. ECF No. 86. This Court adopted the R&R on April 13, 2020. ECF No. 87. On April 22, Hackensack filed the present motion. ECF No. 88.

### II.    DISCUSSION

#### A.    Defendant's Motion for Sanction

    Rule 11(c)(2) requires sanctions motions "be served under Rule 5" before they may be filed with the Court. While Defendant sent Plaintiff's counsel a letter titled "Notice of

1

Frivolous Pleading Pursuant to F.R.C.P. Rule [sic] 11" on January 23, 2019, he did not serve the present *motion*. *See* Letter. Therefore, Defendant failed to satisfy the procedural prerequisites of Rule 11(c). *See* FRCP 11(c)(2); *In re Schaefer Salt Recovery, Inc.*, 542 F.3d 90, 99 (3d Cir. 2008).

Defendant's citation to *Simmerman v. Corino* is inapposite. Reply at 4 (quoting 27 F.3d 58, 64 (3d Cir. 1994). That case addressed the notice a *court* must provide before sanctioning a party *sua sponte*. *Simmerman*, 27 F.3d at 64 ("we find it necessary to comment briefly upon . . . the failure of the district court to comply with the requirements of procedural due process in the course of imposing the sanctions."). It did not speak to a party's *motion* for sanctions, nor the prior notice required to file such motions. But even assuming *arguendo* Defendant satisfied Rule 11(c)'s procedural prerequisites, the motion would still be denied. The conduct at issue here involved Hackensack's mayor allegedly using his official position (and staff) for personal, political gain. *See* Op. at 3-4, ECF No. 75 (discussing whether Mayor Labrosse's conduct constituted "official conduct"). Naming Hackensack was not so frivolous as to warrant sanctions, especially because Plaintiff dropped the allegations against the City in subsequent complaints. Thus, Defendant's motion is **DENIED**.

### B. Plaintiff's Cross Motion for Sanctions

Plaintiff's Opposition seeks reimbursement of the expenses incurred in responding to the Motion. Opp. at 5. While the request is a closer call than Defendant's, it is also **DENIED**.

"*If warranted*, the court *may* award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion." FRCP 11(c)(2) (emphasis added). Here, responding to the procedurally-defective motion should not have taken significant effort. Thus, any award would be minimal and would not justify further litigation of the amount. Additionally, Defendant's counsel did send Plaintiff's counsel a letter *attempting* to comply with Rule 11 before filing the motion. Thus, awarding attorneys' fees is "[un]warranted" here. FRCP 11(c)(2).

### III. CONCLUSION

For the reasons set forth above, Defendant City of Hackensack's motion, ECF No. 88, is **DENIED**. Plaintiff Richard Salkin's request for expenses, ECF No. 89, is also **DENIED**. An appropriate Order follows.

Date: May 26, 2020

WILLIAM J. MARTINI, U.S.D.J.

2